UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA LEE LANE,<br><br>                          Plaintiff,<br><br>         v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS,<br><br>                          Defendant. | Case No. C20-5546 RJB-MLP<br><br>ORDER |

This matter comes before the Court *sua sponte*. Plaintiff is currently confined at the Washington Corrections Center for Women in Gig Harbor, Washington, and is proceeding *pro se* and *in forma pauperis*. She filed this civil rights action brought under 42 U.S.C. § 1983 alleging she has been denied adequate medical care. This matter was recently reassigned to the Undersigned. It has come to the Court's attention that pages five through eight appear to be missing from Plaintiff's complaint. (Dkt. # 12.) Because the complaint appears incomplete, it is not clear to the Court if the pleading contains all of Plaintiff's intended claims, and therefore the Court finds affording Plaintiff an opportunity to amend the complaint is warranted. However, the Court also finds that even if the totality of Plaintiff's claim is contained in the complaint, the

ORDER - 1

pleading contains other deficiencies. Thus, the Court takes this opportunity to review and screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

   1.   *Legal Standard for Pleadings*

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

   2.   *Personal Participation*

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's complaint alleges she was denied care for various medical needs. (Dkt. # 12 at 4.) She asserts specifically that Dr. Anderson denied her treatment that was available, however, the complaint does not include any facts about the other named Defendants alleging that they

personally participated in causing her alleged harm. If Plaintiff wishes to pursue her claims against the other Defendants, she must allege clear and specific facts demonstrating that each named Defendant personally participated in causing her harm of federal constitutional dimension.

3.   *Improper Defendant*

Plaintiff names the Washington Department of Corrections as a Defendant in this action. As noted above, § 1983 applies to the actions of "persons" acting under the color of state law. "Neither states, nor entities that are arms of the state, are 'persons' for purposes of § 1983." *Johnson v. Washington*, 2019 WL 5223048, at *1 (W.D. Wash. Sept. 17, 2019), *report and recommendation adopted*, 2019 WL 5213116 (W.D. Wash. Oct. 16, 2019); *see also Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, the Washington Department of Corrections for Women, as an arm of the state, cannot be sued under § 1983.

However, municipalities, such as cities or counties, are persons for the purpose of the Civil Rights Act. *Monell v. Department of Social Servs., of City of New York,* 436 U.S. 658 (1978); *see also Nolan v. Snohomish Cnty.*, 59 Wn. App. 876, 883 (Wash. Ct. App. 1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued."). A municipality is a proper defendant when a custom, pattern, or policy of the municipality violates the plaintiff's civil rights. *See Monell*, at 690-91. If Plaintiff seeks to name a proper municipality as a Defendant, she must allege facts that it has a custom, pattern, or policy that violates her rights.

*4.     Supervisor Liability*

Plaintiff also names Deborah Wofford and Mary Coiter as Defendants. In her complaint, she identifies Defendant Deborah Wofford as a warden and Defendant Mary Coiter as a medical director. As noted above, Plaintiff does not allege any specific facts regarding these Defendants.

A supervisor can be held personally liable only if a complaint sufficiently alleges (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional right. *Bergquist v. County of Cochise*, 806 F.2d 1364, 1369-70 (9th Cir. 1986), *disapproved of on other grounds Canton v. Harris*, 489 U.S. 378, 388 (1989); *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018). This causal link is established either by the direct personal participation of the supervisor or by the supervisor's initiation of a "series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* at 1370 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

Here, Plaintiff fails to allege facts to demonstrate a causal link between any actions of these Defendants and the deprivation of her federal constitutional rights. If Plaintiff intends to pursue her claims against these Defendants, she must explain how they personally participated in depriving her of a federal constitutional right.

*5.     Leave to File an Amended Complaint*

For all the deficiencies discussed above, and because pages appear to be missing from Plaintiff's complaint, the Court grants Plaintiff leave to amend her complaint. Plaintiff may file an amended complaint curing the above-noted deficiencies within **thirty (30) days** of the date on which this Order is signed. The amended complaint must carry the same case number as this one. If no amended complaint is timely filed, this matter could be dismissed for failure to state a

1    claim. Defendants are directed to not file an answer to Plaintiff's complaint (dkt. # 12) until the

2    Court has an opportunity to screen Plaintiff's amended complaint if she elects to file one.

3          Plaintiff is advised that an amended pleading operates as a *complete* substitute for an

4    original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach*

5    *Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended),

6    *cert. denied*, 506 U.S. 915 (1992). Thus, any amended complaint must clearly identify the

7    defendant(s), the constitutional claim(s) asserted, the specific facts which plaintiff believes

8    support each claim, and the specific relief requested.

9          The Clerk is directed to send Plaintiff the appropriate forms so that she may file an

10   amended complaint. The Clerk is further directed to send copies of this Order to Plaintiff and to

11   the Honorable Robert J. Bryan.

12         Dated this 2nd day of November, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5