UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA LEE LANE,<br><br>                Plaintiff,<br><br>   v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,<br><br>                Defendants. | Case No. C20-5546-RJB-MLP<br><br>REPORT AND RECOMMENDATION |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights action brought under 42 U.S.C. § 1983 alleging she has been denied adequate medical care. The Court, having noticed pages were missing from Plaintiff's complaint, granted Plaintiff leave to amend her complaint. (Dkt. # 23.) The Court also identified other deficiencies in Plaintiff's complaint and advised that any amended pleading would operate as a complete substitute for the original complaint. (*Id*.) Plaintiff submitted an amended complaint that includes all pages from the civil rights complaint form provided by the Clerk as well as various medical records. (Amend. Compl. (Dkt. # 24).) Having considered Plaintiff's submissions, the balance of the record, and the governing law, the Court recommends this action be dismissed without prejudice as to Defendants Deborah Wofford and Washington Department of Corrections.

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

Plaintiff asserts she was placed on social security disabilities for neck injuries and Rheumatoid arthritis in March 2019 before entering the Washington Corrections Center for Women ("WCCW"). (Amend. Compl. at 4.) Plaintiff alleges Dr. Anderson and Dr. Coiter, employees at WCCW, denied that Plaintiff had these disabilities and failed to provide her adequate treatment for these conditions. (*Id*. at 4-5.) Plaintiff also asserts she had a number of other medical conditions for which Dr. Anderson failed to provide adequate medical care and failed to order tests to find out what was causing Plaintiff's symptoms. (*Id.* at 5.) She further asserts Dr. Coiter instructed her to go back to work at the kitchen in WCCW despite Plaintiff having pneumonia with sepsis. (*Id.* at 7.) Plaintiff alleges that as a result of her medical conditions, she was taken to the hospital and almost died. (*Id.* at 5.) Plaintiff also asserts generally that she was not given accommodations for her neck injury and that although she sent a kite to the Americans with Disabilities coordinator about her conditions, she never received a response. (*Id*. at 6.) In addition, Plaintiff alleges individuals identified as Nurse Valerie and Nurse Emmanuel Mathen denied her medical care. (*Id*. at 7.) Plaintiff alleges the lack of adequate medical care constitutes a violation of her Eighth Amendment rights. (*Id.* at 22.)

## II. DISCUSSION

### 1. *Legal Standard for Pleadings*

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*

REPORT AND RECOMMENDATION - 2

*v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

        2.    *Individual Defendants*

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

The Court finds Plaintiff's amended complaint sufficiently alleges that Dr. Anderson and Dr. Coiter personally participated in Plaintiff's alleged harm with regard to her medical care. However, Plaintiff's amended complaint fails to allege any specific facts regarding Deborah Wofford, Warden at WCCW. As noted in the Court's previous order, supervisors can be held personally liable only if a complaint sufficiently alleges (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional right. *Bergquist v. County of Cochise*, 806 F.2d 1364, 1369-70 (9th Cir. 1986), *disapproved of on other grounds Canton v. Harris*, 489 U.S. 378, 388 (1989); *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018). This causal link is established either by the direct personal participation of the supervisor or by the supervisor's initiation of a "series of acts by others which the actor knows or reasonably should know would

1 cause others to inflict the constitutional injury." *Id.* at 1370 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). Because Plaintiff fails to allege facts demonstrating a causal link between any actions of Ms. Wofford and the deprivation of Plaintiff's federal constitutional rights, the Court recommends the claims against this Defendant be dismissed without prejudice.

Plaintiff also asserts generally that Nurse Valerie and Nurse Emmanuel Mathen denied her medical care, however, she does not name them as Defendants in the caption of this action or as Defendants under the Defendant Information section of the amended complaint. (Amend. Compl. at 1, 3.) Plaintiff only alleges that Nurse Valerie "denied [her] medical care" and that Nurse Emmanuel Mathen "denied [her] medical care, even said [she] would be infracted if [she] came to the clinic again. That [she] had to be dieing[sic]" before she was went to the hospital. (*Id.* at 7.) The Court finds these general assertions insufficient to allege personal participation by these individuals in causing Plaintiff's alleged harm. Accordingly, to the extent Plaintiff intends to name these two individuals as Defendants, the Court recommends Plaintiff's action against them be dismissed without prejudice.

### 3. Washington Department of Corrections

The amended complaint names the Washington Department of Corrections as a Defendant in the caption of the action. (Amend. Compl. at 1.) As noted in the Court's previous order, section 1983 applies to the actions of "persons" acting under the color of state law. "Neither states, nor entities that are arms of the state, are 'persons' for purposes of § 1983." *Johnson v. Washington*, 2019 WL 5223048, at *1 (W.D. Wash. Sept. 17, 2019), *report and recommendation adopted*, 2019 WL 5213116 (W.D. Wash. Oct. 16, 2019); see also *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts.

Therefore, the Washington Department of Corrections, as an arm of the state, cannot be sued under § 1983. Accordingly, the Court recommends Plaintiff's claim against the Washington Department of Corrections be dismissed without prejudice.

### 4. *Redactions*

Plaintiff's amended complaint includes medical records that contain information that must be redacted under Local Civil Rule 5.2(a). *See* LCR 5.2(a) ("Parties shall refrain from including, or shall partially redact where inclusion is necessary, the following personal data identifiers from all documents filed with the court or used as exhibits in any hearing or at trial, unless otherwise ordered by the court: (1) Dates of Birth - redact to the year of birth, unless deceased, (2) Names of Minor Children - redact to the initials, unless deceased or currently over the age of 18 …."). Specifically, Plaintiff's date of birth is located on pages 12-21 of the amended complaint. Because Plaintiff has filed these documents with personal information unredacted, the Court orders Plaintiff to submit her amended complaint with the necessary redactions.

### III.    CONCLUSION

For the foregoing reasons, the Court recommends Defendants Deborah Wofford and Washington Department of Corrections be dismissed without prejudice from this action. A proposed order accompanies this Report and Recommendation. The Court directs the Clerk's Office to seal docket number 24. Plaintiff is ordered to submit a redacted version of the amended complaint by **December 18, 2020.**

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **December 22, 2020**. Objections, and any response, shall not exceed twelve pages. Failure to file objections within the specified time may

affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date objections were due. Defendants are directed to Answer Plaintiff's amended complaint within sixty days after the date of Court's order regarding the instant Report and Recommendation.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Robert J. Bryan.

Dated this 30th day of November, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6